IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| NICHOLAS SHANE FLIPPEN, | ) |
| Plaintiff, | ) ) |
| v. | ) No. 3:25-cv-00617 ) |
| ROLLING HILLS HOSPITAL, *et al.*, | ) JUDGE RICHARDSON ) |
| Defendants. | ) ) |

**MEMORANDUM OPINION AND ORDER**

Nicholas Shane Flippen, a resident of Franklin, Tennessee, filed a pro se action alleging federal claims of sexual harassment, hostile work environment, retaliation, and constructive discharge, among other claims, Defendants Rolling Hills Hospital, his former employer; UHS of Delaware, Inc., the parent company of Rolling Hills Hospital; Lisa Jones, former Human Resources Director of Rolling Hills Hospital; and Shannon Geary, Director of the Business Office at Rolling Hills Hospital. (Doc. No. 1). Plaintiff also filed an Application for Leave to Proceed In Forma Pauperis (Doc. No. 2), a Motion to File Address Under Seal or With Redaction (Doc No. 3), and a Motion for Service by U.S. Marshals Service (Doc. No. 4). The Court must begin with the filing fee.

**I. FILING FEE**

The Court may authorize a person to file a civil suit without paying the filing fee. 28 U.S.C. § 1915(a). Section 1915 is intended to insure that indigent persons have equal access to the judicial system by allowing them to proceed without having to advance the fees and costs associated with litigation. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948). Pauper status does not require absolute destitution. *Adkins*, 335

U.S. at 339; *Foster v. Cuyahoga Dep't of Health and Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001). Rather, the relevant question is "whether the court costs can be paid without undue hardship." *Foster*, 21 F. App'x at 240. Proceeding in forma pauperis is a privilege, not a right, and "[t]he decision whether to permit a litigant to proceed [in forma pauperis] is within the Court's discretion." *Id.*

Because his IFP Application reflects that he lacks sufficient financial resources to pay the full filing fee without undue hardship, Plaintiff's IFP Application (Doc. No. 2) is **GRANTED**. The Clerk therefore is **DIRECTED** to file the complaint in forma pauperis. 28 U.S.C. § 1915(a).

## II. MOTION TO SEAL AND/OR REDACT

Plaintiff has filed a motion to file his personal address under seal or with redaction. (Doc. No. 3). Local Rule 5.03 requires that any party requesting that documents or portions of documents be sealed must comply with Section 5.07 of Administrative Order No. 167-1 and Local Rule 7.01. These rules require the movant to file a motion for leave to file the document(s) under seal and to demonstrate "compelling reasons to seal the documents and that the sealing is narrowly tailored to those reasons by specifically analyzing in detail, document by document, the propriety of secrecy, providing factual support and legal citations." M.D. Tenn. Local Rule 5.03(a). Although Plaintiff has filed the required motion, he has not made the requisite showing. His motion does not provide the required specificity or the factual and legal support for the request to seal.

"It would be easy—in the interest of judicial economy, one might say—to grant a sealing motion when no party objects." *Lewis v. Smith*, No. 2:20-cv-3461, 2020 WL 6044082, at *3 (S.D. Ohio Oct. 13, 2020). "But a court should not, indeed cannot, grant a motion to seal simply because it is easy and convenient to do so." *United States v. Campbell*, No. 1:19-cr-25, 2021 WL 1975319, at *1 (S.D. Ohio May 18, 2021). Instead, a court evaluating a motion to seal must consider the

weighty public interests in judicial transparency and open access to court records. *Shane Group, Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). As the Sixth Circuit recently explained, "a court's obligation to explain the basis for sealing court records is independent of whether anyone objects to it." *Id*. at 306.

Here, Plaintiff alleges that "public disclosure of [his] home address raises serious concerns for safety, privacy, and potential retaliation related to the nature of the allegations in this matter." (Doc. No. 3 at 2). He further alleges that "[r]eleasing Plaintiff's residential address on the public docket could expose him to unwanted attention or harassment and serves no legitimate public interest." (*Id*.)

Neither harm to reputation nor conclusory allegations of injury are sufficient to overcome the presumption in favor of public access. *Brown & Williamson Tobacco Corp. v. Federal Trade Commission*, 710 F.2d 1165, 1179-80 (6th Cir. 1983) (citing *Joy v. North*, 692 F.2d 880, 884 (2d Cir. 1982)) ("A naked conclusory statement that [disclosure will injure a producing party] . . . falls woefully short of the kind of showing which raises even an arguable issue as to whether it may be kept under seal."). "Only the most compelling reasons can justify non-disclosure of judicial records." *In re The Knoxville News-Sentinel Co., Inc.,* 723 F.2d 470, 476 (6th Cir.1983) (citing *Brown & Williamson*, 710 F.2d at 1179-80).

The complaint contains no allegations of prior or current harassment occurring outside of Plaintiff's former workplace. For example, the complaint does not allege that any named Defendant showed up at Plaintiff's personal residence and engaged in unlawful behavior. Without more, the reasons provided by Plaintiff in support of his request to seal do not justify non-disclosure of judicial records. Plaintiff elected to initiate this lawsuit. Plaintiff's request to file his full address under seal is **DENIED WITHOUT PREJUDICE**.

Alternatively, Plaintiff asks the Court to allow the redaction of Plaintiff's residential address from the public docket. It appears that, at this time, the only place where Plaintiff's residential address[1] is displayed is on the Civil Cover Sheet, which Plaintiff failed to submit as a Sealed Document event in CM/ECF in compliance with Local Rule 5.03(b)(1) and (2). Plaintiff's request to allow the desired redaction is **DENIED WITHOUT PREJUDICE**.

In the event Plaintiff wishes to renew his requests via a revised motion, the Court also calls Plaintiff's attention to Local Rule 5.03(e), which states that the party requesting that some of a filing be sealed should separately file a redacted version, if practicable.[2]

### III. SCREENING AND REFERRAL

The Court must dismiss any action filed in forma pauperis if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). In doing so, the Court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). An assumption of truth does not, however, extend to allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). A pro se pleading must be liberally construed and "held to less stringent standards

---

[1] Plaintiff's former residential address appears on his 2024 Schedule C (Form 1040) tax filing, which he submitted in support of his IFP Application. (*See* Doc. No. 2 at 4).

[2] The Court notes that Plaintiff may wish to consider that his full Social Security Number appears on his 2024 Schedule C tax filing.

than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, which proscribes certain discriminatory employment practices. Plaintiff has successfully invoked the Court's subject-matter jurisdiction.

Before filing suit in federal court under Title VII, a plaintiff must first timely file a relevant charge of discrimination before the Equal Employment Opportunity Commission ("EEOC") or corresponding state agency. *Amini v. Oberlin Coll.*, 259 F.3d 493, 398 (6th Cir. 2001). The purpose of this requirement is to allow the EEOC the opportunity to convince the parties to resolve the matter by voluntary settlement rather than through litigation. *Randolph v. Ohio Dep't of Youth Servs.*, 453 F.3d 724, 731-32 (6th Cir. 2006) (citing *Parsons v. Yellow Freight Sys., Inc.*, 741 F.2d 871, 873 (6th Cir. 1984)). A plaintiff must file a charge with the EEOC within 180 days after the alleged unlawful employment practice occurred. 42 U.S.C. § 2000e-5(e)(1). If the EEOC finds that the charge has a reasonable basis, it will issue a notice of right-to-sue to the plaintiff. 29 C.F.R. § 1601.28(b). Upon receipt of a notice of right-to-sue, the employee has 90 days in which to bring a federal action alleging violation of Title VII. 42 U.S.C. § 2000e-5(f)(1). Administrative exhaustion thus involves (1) timely filing a charge of employment discrimination with the EEOC and (2) receiving and acting upon a statutory right-to-sue notice. *Granderson v. Univ. of Mich.*, 211 F. App'x 398, 400 (6th Cir. 2006) (citing *Puckett v. Tenn. Eastman Co.*, 889 F.2d 1481, 1486 (6th Cir. 1989)).

Plaintiff has filed a right-to-sue letter dated March 11, 2025. (*See* Doc. No. 1-1 at 13). He filed this lawsuit on June 4, 2025, which is within the 90-day window mentioned above. (Doc. No. 1).

The complaint alleges that Plaintiff formerly was employed at a Financial Counselor and Patient Account Representative at Rolling Hills Hospital. Defendant Shannon Geary, Director of the Business Office and Plaintiff's superior at the time, "repeatedly subjected Plaintiff to inappropriate, aggressive, and humiliating behavior, including yelling, public degradation, threats, and unwelcome sexual remarks." (Doc. No. 1 at 3). Plaintiff made internal complaints to Lisa Jones, his Human Resources Director, but no formal investigations or documentation were produced. On one occasion, Jones instructed Plaintiff to submit Paid Time Off ("PTO") to report workplace abuse. When Plaintiff refused to return to work until the harassment was addressed, Jones threatened Plaintiff with a "no-call, no-show" classification, despite her having denied Plaintiff's PTO request. Plaintiff was forced to resign on June 9, 2023, due to the escalating emotional distress, workplace hostility, and lack of any legitimate recourse. According to Plaintiff, his resignation constituted constructive discharge. The complaint alleges that Plaintiff suffered severe emotional distress, reputational harm, and financial hardship.

Plaintiff's allegations state non-frivolous Title VII claims against Defendants who are not immune from suit. Accordingly, Plaintiff's Motion for Service by the U.S. Marshals Service (Doc. No. 4) is **GRANTED**, and the Clerk is **DIRECTED** to send Plaintiff a service packet (a blank summons (AO 440) and USM 285 form) for each Defendant. Plaintiff **MUST** complete the service packets and return them to the Clerk's Office within **30 DAYS** of the entry of this Order. Failure to do so may result in the dismissal of this case. Upon return of the properly completed service packets, the Clerk is **DIRECTED** to issue summons(es) to the U.S. Marshals Service for service on Defendant(s). Fed. R. Civ. P. 4(b) and 4(c)(3).

Resources for pro se litigants, including instructions for how to accomplish service of process, are available free of charge on the Court's website as well as by request to the Clerk's

Office so long as the privilege is not abused.

This action is **REFERRED** to the Magistrate Judge to oversee service of process, to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

Plaintiff is advised that he must keep the Court informed of his current address or this action will be subject to dismissal.

It is so **ORDERED**.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE