**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**AT NASHVILLE**

| | | |
|---|---|---|
| **NICHOLAS SHANE FLIPPEN** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:25-cv-00617** |
| | ) | |
| **ROLLING HILLS HOSPITAL** *et al.* | ) | |

**TO:  Honorable Eli J. Richardson, United States District Judge**

**R E P O R T   A N D   R E C O M M E N D A T I O N**

By Order entered October 23, 2025 (Docket Entry No. 8), this *pro se* and *in forma pauperis* civil case was referred to the Magistrate Judge for pretrial proceedings.

Pending before the Court are (1) the motion of Defendants Rolling Hills Hospital, LLC, and UHS of Delaware, Inc. to partially dismiss Plaintiff's amended complaint (Docket Entry No. 15) and (2) the motion of Defendants Lisa Jones and Shannon Geary to dismiss (Docket Entry No. 24).  Both motions are opposed by Plaintiff.

For the reasons set out below, the undersigned respectfully recommends that the motion of Defendants Rolling Hills Hospital, LLC, and UHS of Delaware, Inc. be granted and that the motion of Defendants Lisa Jones and Shannon Geary be denied but that the Defendants nonetheless be dismissed from the case.

**I.  PROCEDURAL BACKGROUND**

Nicholas Shane Flippen ("Plaintiff"), is a resident of Franklin, Tennessee.  He was employed at the Rolling Hills Hospital ("Rolling Hills") in Franklin from October 2021 to June 2023.  On June 4, 2025, he filed this lawsuit *pro se* and *in forma pauperis* against Rolling Hills; UHS of Delaware, Inc. ("UHS"), the parent company of Rolling Hills; Lisa Jones ("Jones"), former Human Resources Director of Rolling Hills; and Shannon Geary ("Geary"), Director of the Business Office at Rolling Hills.  *See* Complaint (Docket Entry No. 1).  Alleging that he had

been subjected to workplace sexual harassment by Geary, who was his workplace superior, and that he was ultimately constructively discharged in June 2023 after nothing was done to remedy the situation, Plaintiff raised claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-5 *et seq*. ("Title VII") for sexual harassment, a hostile work environment, retaliation, and constructive discharge, as well as a claim under state law for negligent hiring, supervision, and retention and a claim under the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2022, 9 U.S.C. §§ 402 *et seq* ("EFFA"). *Id*. at 4-6.

After conducting an initial review of the complaint under 28 U.S.C. § 1915, the Court found that Plaintiff stated non-frivolous claims and that process should issue to Defendants. *See* Docket Entry No. 8 at 6. Plaintiff subsequently filed a first amended complaint that repeated the allegations of the original complaint but clarified the legal name of Rolling Hills and added a claim under the Tennessee Human Right Act ("THRA") and a claim under state law for intentional infliction of emotional distress. *See* First Amended Complaint ("FAC") (Docket Entry No. 9). Plaintiff demands a jury trial.

Summons were thereafter issued to Defendants. In lieu of answers, Defendants filed the pending motions to dismiss. Defendants Rolling Hills and UHS seek the dismissal of Plaintiff's claim for intentional infliction of emotional distress for failure to state a claim upon which relief can be granted, arguing that Plaintiff's allegations of workplace discrimination and harassment do not show the type of outrageous conduct that is necessary for such a claim. *See* Memorandum in Support (Docket Entry No. 16) at 4-6. Defendants Jones and Geary seek their dismissal from the action, arguing that they have not been properly served with process within the 90-day period for service of process provided by Rule 4(m) of the Federal Rules of Civil Procedure. *See* Memorandum in Support (Docket Entry No. 25) at 3-5. Plaintiff timely responded in opposition

2

to each motion, *see* Docket Entry Nos. 19 and 27, and Defendants filed replies. *See* Docket Entry Nos. 21 and 28. No other motions are pending. The Court has reserved entry of a scheduling order until resolution of the motions.

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that Defendant Geary "repeatedly subjected Plaintiff to inappropriate, aggressive, and humiliating behavior, including yelling, public degradation, threats, and unwelcome sexual remarks." *See* FAC at ¶ 11. He alleges that he made internal complaints about Geary's behavior to Defendant Jones but that no formal investigation or documentation occurred. *Id*. at ¶ 12. He alleges that Jones instructed him to submit Paid Time Off ("PTO") to report workplace abuse but when he refused to return to work until the harassment was addressed, Jones threatened him with a "no-call, no-show" classification, *id*. at ¶ 13, and that he was "ignored, dismissed, or threatened with adverse action" when he "reported the events to HR and attempted to follow internal processes." *Id*. at ¶ 14. Plaintiff alleges that he suffered severe emotional distress and psychological harm, reputational harm, and financial hardship because of the situation and that he was forced to resign on June 9, 2023, due to the escalating emotional distress, workplace hostility, and lack of any legitimate recourse and that his resignation amounted to a constructive discharge. *Id*. at ¶¶ 17-18 and 20. He contends that other employees also complained about Geary but that no disciplinary action was taken against her. *Id*. at ¶¶ 15-16.

On October 31, 2023, Plaintiff filed a charge of discrimination with the Tennessee Human Rights Commission, asserting claims of sex discrimination and retaliation and alleging:

> During my employment, I was subjected to a sexually tainted work environment by my supervisor, Shannon Geary, when she constantly made comments to me about my looks. I made numerous complaints to management about the

3

harassment, but it continued. After reporting the harassment, I was subjected to different terms and conditions of employment by Ms. Geary. For example, but not limited to: she yelled at me, she stopped cooperating with me, and she said negative things about me behind my back. In June 2023, I overheard a member of management say in a meeting, Can we have an openly gay man in leadership. The harassment got so bad that I was constructively discharged on June 9, 2023.

I believe that I have been discriminated against based on my sex (Male), my membership in the LGBTQ community, and retaliated against for my protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

*See* Docket Entry No. 1-1 at 30. Plaintiff subsequently received a right-to-sue letter dated March 11, 2025. *Id*. at 13.[1]

### III. STANDARDS OF REVIEW

A motion to dismiss filed under Rule 12(b)(6) is reviewed under the standard that the Court must accept as true all of the well-pleaded allegations contained in the complaint and construe the complaint in the light most favorable to Plaintiffs. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11-12 (6th Cir. 1987). Because Plaintiff is litigating the case *pro se*, the Court is also required to view his pleadings with some measure of a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

Although the complaint need not contain detailed factual allegations, the factual

---

[1] Attached to Plaintiff's original complaint are six exhibits, which consist of a statement/brief from him, a letter, and several pages of documents related to his charge of discrimination. *See* Docket Entry No. 1-1. Because these exhibits were not re-filed as attachments to Plaintiff's FAC, Defendants Rolling Hills and UHS argue that the exhibits should not be considered by the Court. *See* Reply at 2, n.1. The Court disagrees. While the best practice would have been for Plaintiff to have re-filed the exhibits as attachments to the FAC, Plaintiff proceeds *pro se* and it was thus not unreasonable for him to have believed that the exhibits need not be re-filed and that they would accompany the FAC since they were already a part of the record. Accordingly, the exhibits are deemed by the Court to be exhibits to the FAC and are appropriate for consideration as part of his pleadings. *See* Rule 10(c) of the Federal Rules of Civil Procedure.

allegations supplied must be enough to show a plausible right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-61 (2007). *See also Iqbal*, 556 U.S. at 678. To state a plausible claim for relief, the alleged facts must provide "more than a sheer possibility that a defendant has acted unlawfully." *Mik v. Federal Home Loan Mortg. Corp.*, 743 F.3d 149, 157 (6th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Factual allegations that are merely consistent with the defendants' liability do not satisfy the claimant's burden, as mere consistency does not establish plausibility of entitlement to relief even if it supports the possibility of relief and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. In deciding a motion to dismiss, the Court is not required to accept summary allegations, legal conclusions, or unwarranted factual inferences. *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999); *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996).

Rule 12(b)(5) provides that a defendant may move to dismiss based on the argument that service of process is insufficient. *See* 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1353 (3d ed. supp. Apr. 2023) ("A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint." (footnote omitted)). "In deciding a motion to dismiss under Rule 12(b)(5), the court may refer to record evidence in determining the sufficiency of service[,]" including "uncontroverted affidavits ...." *Metro. Alloys Corp. v. State Metals Indus., Inc.*, 416 F.Supp.2d 561, 563 (E.D. Mich. 2006). *See also Spencer v. Caracal Int'l, LLC*, 516 F.Supp.3d 755, 758 (M.D. Tenn. 2021) (finding that courts considering Rule 12(b)(5) motions "'may look to "record evidence" and 'uncontroverted affidavits" in determining'" sufficiency of service (quoting *Chapman v. Lawson*, 89 F.Supp.3d 959, 971 (S.D. Ohio 2015)).

## IV. ANALYIS

### A. Motion of Defendants Rolling Hills and UHS for Partial Dismissal

By their motion, Defendants Rolling Hills and UHS seek the dismissal of only Plaintiff's intentional infliction of emotional distress claim. After reviewing the parties' filings on the motion and the content of Plaintiff's FAC and exhibits, the Court agrees with Defendants that Plaintiff's allegations are not sufficient to state a claim for intentional infliction of emotional distress. Accordingly, their motion seeking the dismissal of this claim should be granted.

To establish a claim of intentional infliction of emotional distress under Tennessee law, Plaintiff must demonstrate that (1) the conduct he complains of was intentional or reckless; (2) the conduct was so outrageous that it is not tolerated by civilized society; and (3) the conduct resulted in serious mental injury. *Fitzgerald v. Hickman Cnty. Gov't*, 2018 WL 1634111, at *14 (Tenn. Ct. App. Apr. 4, 2018) (citing *Rogers v. Louisville Land Co.*, 367 S.W.3d 196, 205 (Tenn. 2012)). A plaintiff's burden to demonstrate outrageous conduct is not easy to meet. *Brown v. Mapco Exp., Inc.*, 393 S.W.3d 696, 703 (Tenn. Ct. App. 2012). "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Fitzgerald*, 2018 WL 1634111, at *14 (quoting *Bain v. Wells*, 936 S.W.2d 618, 623 (Tenn. 1997)). This is an exacting standard, *Miller v. Willbanks*, 8 S.W.3d 607, 614 (Tenn. 1999), and is not satisfied by evidence of "mere insults, indignities, threats, annoyances, petty oppression or other trivialities." *Bain*, 936 S.W.2d at 622 (quoting *Medlin v. Allied Inv. Co.*, 217 Tenn. 469, 479, 398 S.W.2d 270, 274 (1966)).

Plaintiff's allegations, even if taken as true, fall far short of satisfying the exacting standard for showing the type of outrageous conduct necessary for an intentional infliction of

6

emotional distress claim. While the Court takes as true that the harassing workplace conduct about which Plaintiff complains was traumatic to him, the alleged conduct is not extreme, atrocious, or heinous and is the same conduct upon which Plaintiff's employment discrimination claims are based. While these allegations may be enough to state employment discrimination claims, they are not sufficient to show outrageous conduct for an intentional infliction of emotional distress claim. *See Arnett v. Domino's Pizza I, L.L.C.*, 124 S.W.3d 529, 540 (Tenn. Ct. App. 2003) ("discriminatory conduct does not automatically give rise to the imposition of liability for intentional infliction of emotional distress. If it did, virtually every action brought under [anti-discrimination statutes] would include an intentional infliction of emotional distress claim.").

Indeed, numerous courts have taken the position that an intentional infliction of emotional distress claim under Tennessee law must be supported by more than allegations of workplace discrimination, even if harassing conduct is alleged. *Fisher v. Nissan N. Am., Inc.*, 951 F.3d 409, 423 (6th Cir. 2020) (recognizing that a claim of intentional infliction of emotion distress requires more than allegations of employment discrimination); *Kilpatrick v. HCA Hum. Res., LLC*, 838 F.App'x 142, 147 (6th Cir. 2020) ("[plaintiff] fails to allege facts beyond those supporting his claim of discrimination under Title VII. Without more, he cannot demonstrate outrageous conduct under Tennessee law"); *Cossairt v. Jarrett Builders, Inc.*, 292 F.Supp.3d 779, 790 (M.D. Tenn. 2018) (dismissing intentional infliction of emotional distress claim raised in employment context despite allegation of sexual harassment by supervisor and noting that "[v]iable claims for outrageous conduct in the employment complex are rarer still."); *DeSoto v. Bd. of Parks & Recreation*, 64 F.Supp.3d 1070, 1096 (M.D. Tenn. 2014) (dismissing intentional infliction of emotional distress claim raised in the employment context and noting that "courts

7

will not permit IIED claims to proceed in most employment discrimination cases; this approach applies even where a defendant or its employees engaged in highly reprehensible conduct or otherwise intended to cause the plaintiff to suffer emotional distress."); *Barrett v. Whirlpool Corp.*, 704 F.Supp.2d 746, 749 (M.D. Tenn. 2010) (allegations of sexual harassment and a resulting hostile work environment were not sufficient to support intentional infliction of emotional distress claim); *Stacy v. MVT Servs., LLC*, No. 3:11-CV-01241, 2012 WL 2281495, at *8 (M.D. Tenn. June 18, 2012) (Bryant, J.) ("It is clear that not every sexual harassment claim will automatically give rise to an IIED claim, even though, to some extent, all instances of sexual harassment can be considered outrageous."); *Lambert v. Cent. Transp., Inc.*, No. 3:07-00052, 2008 WL 11389189, at *13 (M.D. Tenn. Apr. 24, 2008) (Nixon, J.) ("While unwelcome sexual comments and suggestive behavior are serious problems and should certainly not be condoned in the work environment, not every allegation of sexual harassment automatically gives rise to a prevailing claim of intentional infliction of emotional distress."; *Jenkins v. Nashville Pub. Radio*, No. 3:02CV0179, 2005 WL 3358871, at *4 (M.D. Tenn. Dec. 9, 2005) (Wiseman, J.) ("Alleging a violation of anti-discrimination laws, without additional evidence showing conduct so outrageous as not to be tolerated in civilized society, is simply insufficient to prove intentional infliction of emotional distress.").

Nothing set out in Plaintiff's response in opposition to the motion persuades the Court that there is a basis in this case to depart from these well-reasoned decisions. Plaintiff's factual allegation are simply not sufficient to support a plausible claim for intentional infliction of emotional distress. This claim is therefore properly dismissed for failure to state a claim upon which relief can be granted.

**B. Motion of Defendants Jones and Geary to Dismiss**

8

After reviewing the motion to dismiss filed by Defendants Jones and Geary, it is clearly apparent to the Court, for the reasons set out in the motion, that they were not personally and properly served with process in this case and that they raise a valid Rule 12(b)(5) defense. Although Plaintiff argues in his response that he made a good faith effort to serve them with process, that his service upon the corporate Defendants provided actual notice of the lawsuit to Jones and Geary, and that there is no evidence of dilatory conduct on his part or prejudice to Defendants Jones and Geary, *see* Response (Docket Entry No. 27), at no point in his response does Plaintiff actually argue, let alone show, that he served process upon Jones and Geary in accordance with Rule 4 of the Federal Rules of Civil Procedure. Plaintiff bears the burden to establish that service was proper. *Sawyer v. Lexington-Fayette Urb. Cnty. Gov't*, 18 F.App'x 285, 287 (6th Cir. 2001); *Jones v. Stover Diagnostics Lab'ys, Inc.*, No. 3:19-CV-00740, 2023 WL 163138, at \*4 (M.D. Tenn. Jan. 10, 2023); *Spencer v. Caracal Int'l, LLC*, 516 F.Supp.3d 755, 758 (M.D. Tenn. 2021).

Given that more than 90 days have passed since summons were issued in this case, the Court could unquestionably recommend that Jones and Geary be dismissed because of Plaintiff's failure to timely serve them with process. Nevertheless, given Plaintiff's *pro se* status, the fact that he did take steps to have process served, and the lack of an evidence of dilatory or unreasonable conduct on his part, the Court would normally be inclined to permit Plaintiff an additional opportunity to accomplish service of process upon Jones and Geary prior to dismissing them from the case for lack of service of process.

Proceeding with such an opportunity would be an exercise in futility, however, because of the Court's finding herein that Plaintiff's intentional infliction of emotional distress claim itself should be dismissed. Because this claim is the only claim that Plaintiff asserts against

9

Defendants Jones and Geary, *see* Plaintiff's Response (Docket Entry No. 27) at 3, upon the dismissal of this claim, there will no longer be a viable claim that continues against them in the case and, thus, no reason for process to be re-attempted upon them. Accordingly, Defendants Jones and Geary are properly dismissed from this case, albeit, for a different reason than is argued in their motion to dismiss.[2]

## C. Leave to Amend

In his responses in opposition to the motions to dismiss, Plaintiff requests the opportunity to amend his complaint as an alternative to dismissal. The Court finds no merit in this request. Plaintiff has had ample time to formulate his intentional infliction of emotional distress claim, and his FAC and attached exhibits provide the full gist of this claim. While the Court, under Rule 15(a)(2), liberally gives a party leave to amend when justice so requires, leave to amend may be denied within the Court's discretion for an "apparent or declared reason." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The reason noted above justifies denying any request to amend with respect to this claim. Additionally, Plaintiff's generic request to amend "if necessary" in response to the argument for dismissal of this claim falls into the category of a perfunctory or "throwaway" request to amend that is meritless. *See Meadows v. Caliber Home Loans,* 2019 WL 1242667, at *6 (M.D. Tenn. Mar. 18, 2019) (denying the plaintiffs' non-specific request to amend their complaint that was set out as an alternative basis to avoid dismissal of their claims upon a motion to dismiss).

---

[2] Because this action has been filed *in forma pauperis*, the Court may at any time dismiss a claim for failure to state a claim upon relief. *See* 28 U.S.C. § 1915(e)(1)(2)(ii). Thus, dismissal of Defendants Jones and Geary from this case because of the lack of a viable claim against them is appropriate despite the lack of service of process upon them and without the necessity of a motion to dismiss from them.

## RECOMMENDATION

For the reasons set out above, it is respectfully **RECOMMENDED** that:

(1) pursuant to Fed. R. Civ. P. 12(b)(6) and 21, the motion of Defendants Rolling Hills Hospital, LLC, and UHS of Delaware, Inc. to partially dismiss Plaintiff's amended complaint (Docket Entry No. 15) be **GRANTED** and Plaintiff's intentional infliction of emotional distress claim be **DISMISSED**;

(2) the motion of Defendants Lisa Jones and Shannon Geary to dismiss (Docket Entry No. 24) be **DENIED** to the extent that they seek dismissal due to lack of service of process but that Defendants Jones and Geary nonetheless be **DISMISSED** from this lawsuit pursuant to Fed. R. Civ. P. 21 for the reasons stated herein.

**ANY OBJECTIONS** to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge

11