IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| NICHOLAS SHANE FLIPPEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 3:25-cv-00617 |
| v. | ) | |
| | ) | JUDGE RICHARDSON |
| ROLLING HILLS HOSPITAL, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**<u>ORDER</u>**

Pending before the Court[1] is the report and recommendation (Doc. No. 29, "R&R") of the

Magistrate Judge. The R&R recommends that the Court grant the partial motion to dismiss (Doc.

No. 15, "First Motion to Dismiss") that seeks the dismissal of the intentional-infliction-of

emotional-distress claim of Plaintiff, Nicholas Shane Flippen, and was filed by Defendants Rolling

Hills Hospital, LLC ("Defendant Rolling Hills" or "Rolling Hills") and UHS of Delaware, Inc.

("Defendant UHS" or "UHS"). (Doc. No. 29 at 11). The R&R also recommends denial of the

motion to dismiss (Doc. No. 24, "Second Motion to Dismiss") that seeks dismissal of the claims

against Defendants Lisa Jones ("Defendant Jones" or "Jones") and Shannon Geary ("Defendant

Geary" or "Geary") (due to insufficient service of process) filed by Defendant Jones and Defendant

Geary, but that Defendant Jones and Defendant Geary nevertheless be dismissed from this action.

(Doc. No. 29 at 11). Finally, the R&R recommends denial of Plaintiff's request to amend his

---

[1] Herein—except in certain quoted portions of the R&R wherein the Magistrate Judge refers to herself as "the Court"—"the Court" refers to the undersigned District Judge, as opposed to the Magistrate Judge who authored the R&R.

currently operative complaint (Doc. No. 9), made in his responses to the First Motion to Dismiss and the Second Motion to Dismiss. (Doc. No. 29 at 10).

No objections to the R&R have been filed, and the time for filing objections has now expired.[2]

Absent any objection to the statement of procedural background and relevant facts (regarding the procedural history and underlying circumstances of this case) set forth by the Magistrate Judge in the R&R, the Court adopts that background and those relevant facts in their entirety and includes it here for reference.

> Nicholas Shane Flippen ("Plaintiff"), is a resident of Franklin, Tennessee. He was employed at the Rolling Hills Hospital ("Rolling Hills") in Franklin from October 2021 to June 2023. On June 4, 2025, he filed this lawsuit *pro se* and *in forma pauperis* against Rolling Hills; UHS of Delaware, Inc. ("UHS"), the parent company of Rolling Hills; Lisa Jones ("Jones"), former Human Resources Director of Rolling Hills; and Shannon Geary ("Geary"), Director of the Business Office at Rolling Hills. *See* Complaint (Docket Entry No. 1). Alleging that he had been subjected to workplace sexual harassment by Geary, who was his workplace superior, and that he was ultimately constructively discharged in June 2023 after nothing was done to remedy the situation, Plaintiff raised claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-5 *et seq.* ("Title VII") for sexual harassment, a hostile work environment, retaliation, and constructive discharge, as well as a claim under state law for negligent hiring, supervision, and retention and a claim under the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2022, 9 U.S.C. §§ 402 *et seq* ("EFFA"). *Id.* at 4-6.

> After conducting an initial review of the complaint under 28 U.S.C. § 1915, the Court found that Plaintiff stated non-frivolous claims and that process should issue to Defendants. *See* Docket Entry No. 8 at 6. Plaintiff subsequently filed a first amended complaint that repeated the allegations of the original complaint but clarified the legal name of Rolling Hills and added a claim under the Tennessee Human Right[s] Act ("THRA") and a claim under state law for intentional infliction of emotional distress. *See* First Amended Complaint ("FAC") (Docket Entry No. 9). Plaintiff demands a jury trial.

---

[2] Under Fed. R. Civ. P. 72(b), any party has fourteen (14) days from receipt of the R&R in which to file any written objections to the Recommendation with the District Court. For *pro se* plaintiffs, like Plaintiff, the Court is willing to extend this 14-day deadline by three days to allow time for filings to be transported by mail. But even this extension does not help Plaintiff because the R&R was filed on March 20, 2026, and as of April 14, 2026, Plaintiff has not filed any objections.

Summons were thereafter issued to Defendants. In lieu of answers, Defendants filed the pending motions to dismiss. Defendants Rolling Hills and UHS seek the dismissal of Plaintiff's claim for intentional infliction of emotional distress for failure to state a claim upon which relief can be granted, arguing that Plaintiff's allegations of workplace discrimination and harassment do not show the type of outrageous conduct that is necessary for such a claim. *See* Memorandum in Support (Docket Entry No. 16) at 4-6. Defendants Jones and Geary seek their dismissal from the action, arguing that they have not been properly served with process within the 90-day period for service of process provided by Rule 4(m) of the Federal Rules of Civil Procedure. *See* Memorandum in Support (Docket Entry No. 25) at 3-5. Plaintiff timely responded in opposition to each motion, *see* Docket Entry Nos. 19 and 27, and Defendants filed replies. *See* Docket Entry Nos. 21 and 28. No other motions are pending. The Court has reserved entry of a scheduling order until resolution of the motions.

* * *

Plaintiff alleges that Defendant Geary "repeatedly subjected Plaintiff to inappropriate, aggressive, and humiliating behavior, including yelling, public degradation, threats, and unwelcome sexual remarks." *See* FAC at ¶ 11. He alleges that he made internal complaints about Geary's behavior to Defendant Jones but that no formal investigation or documentation occurred. *Id.* at ¶ 12. He alleges that Jones instructed him to submit Paid Time Off ("PTO") to report workplace abuse but when he refused to return to work until the harassment was addressed, Jones threatened him with a "no-call, no-show" classification, *id.* at ¶ 13, and that he was "ignored, dismissed, or threatened with adverse action" when he "reported the events to HR and attempted to follow internal processes." *Id.* at ¶ 14. Plaintiff alleges that he suffered severe emotional distress and psychological harm, reputational harm, and financial hardship because of the situation and that he was forced to resign on June 9, 2023, due to the escalating emotional distress, workplace hostility, and lack of any legitimate recourse and that his resignation amounted to a constructive discharge. *Id.* at ¶¶ 17-18 and 20. He contends that other employees also complained about Geary but that no disciplinary action was taken against her. *Id.* at ¶¶ 15-16.

On October 31, 2023, Plaintiff filed a charge of discrimination with the Tennessee Human Rights Commission, asserting claims of sex discrimination and retaliation and alleging:

> During my employment, I was subjected to a sexually tainted work environment by my supervisor, Shannon Geary, when she constantly made comments to me about my looks. I made numerous complaints to management about the harassment, but it continued. After reporting the harassment, I was subjected to different terms and conditions of employment by Ms. Geary. For example, but not limited to: she yelled at me, she stopped cooperating with me, and

she said negative things about me behind my back. In June 2023, I overheard a member of management say in a meeting, Can we have an openly gay man in leadership. The harassment got so bad that I was constructively discharged on June 9, 2023.

I believe that I have been discriminated against based on my sex (Male), my membership in the LGBTQ community, and retaliated against for my protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

See Docket Entry No. 1-1 at 30. Plaintiff subsequently received a right-to-sue letter dated March 11, 2025. *Id.* at 13.

(Doc. No. 29 at 1-4 (footnote omitted)). The Magistrate Judge concluded that the First Motion to Dismiss (Doc. No. 15), which seeks dismissal of Plaintiff's intentional-infliction-of-emotional-distress claim, should be granted. (Doc. No. 29 at 6-8). The Magistrate Judge also concluded that the Second Motion to Dismiss (Doc. No. 24), which seeks dismissal of the claims against Defendant Jones and Defendant Geary pursuant to Rule 12(b)(5) based on insufficient service of process, should be denied, but that Defendant Jones and Defendant Geary nevertheless should be dismissed from this action. (Doc. No. 29 at 8-10). Specifically with respect to the Second Motion to Dismiss and Defendant Jones and Defendant Geary, the Magistrate Judge reasoned:

After reviewing the motion to dismiss filed by Defendants Jones and Geary, it is clearly apparent to the Court, for the reasons set out in the motion, that they were not personally and properly served with process in this case and that they raise a valid Rule 12(b)(5) defense. Although Plaintiff argues in his response that he made a good faith effort to serve them with process, that his service upon the corporate Defendants provided actual notice of the lawsuit to Jones and Geary, and that there is no evidence of dilatory conduct on his part or prejudice to Defendants Jones and Geary, see Response (Docket Entry No. 27), at no point in his response does Plaintiff actually argue, let alone show, that he served process upon Jones and Geary in accordance with Rule 4 of the Federal Rules of Civil Procedure. Plaintiff bears the burden to establish that service was proper. *Sawyer v. Lexington-Fayette Urb. Cnty. Gov't*, 18 F. App'x 285, 287 (6th Cir. 2001); *Jones v. Stover Diagnostics Lab'ys*, Inc., No. 3:19-CV-00740, 2023 WL 163138, at *4 (M.D. Tenn. Jan. 10, 2023); *Spencer v. Caracal Int'l, LLC*, 516 F.Supp.3d 755, 758 (M.D. Tenn. 2021).

Given that more than 90 days have passed since summons were issued in this case, the Court could unquestionably recommend that Jones and Geary be

dismissed because of Plaintiff's failure to timely serve them with process. Nevertheless, given Plaintiff's *pro se* status, the fact that he did take steps to have process served, and the lack of an evidence of dilatory or unreasonable conduct on his part, the Court would normally be inclined to permit Plaintiff an additional opportunity to accomplish service of process upon Jones and Geary prior to dismissing them from the case for lack of service of process.

Proceeding with such an opportunity would be an exercise in futility, however, because of the Court's finding herein that Plaintiff's intentional infliction of emotional distress claim itself should be dismissed. Because this claim is the only claim that Plaintiff asserts against Defendants Jones and Geary, *see* Plaintiff's Response (Docket Entry No. 27) at 3, upon the dismissal of this claim, there will no longer be a viable claim that continues against them in the case and, thus, no reason for process to be re-attempted upon them. Accordingly, Defendants Jones and Geary are properly dismissed from this case, albeit, for a different reason than is argued in their motion to dismiss.

(Doc. No. 29 at 8-10 (footnote omitted)).

Finally, the Magistrate Judge further found that Plaintiff's request to amend his complaint (Doc. No. 9), made in his responses to the First Motion to Dismiss and the Second Motion to Dismiss, should be denied. (Doc. No. 29 at 10).

No party has filed objections to the R&R, and the time to file objections with the Court has passed, as explained in a footnote above.

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district judge must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id.* Fed. R. Civ. P. 72(b)(2) provides that a party may file "specific written objections" to a report and recommendation, and Local Rule 72.02(a) provides that such objections must be written and must state with particularity the specific portions of the magistrate judge's report or proposed findings or recommendations to which an objection is made.

The failure to object to a report and recommendation releases the Court from its duty to independently review the matter. *Frias v. Frias*, No. 2:18-CV-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019); *Hart v. Bee Prop. Mgmt., Inc.*, No. 18-CV-11851, 2019 WL 1242372, at * 1 (E.D. Mich. Mar. 18, 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). A district judge is not required to review, under a *de novo* or any other standard, those aspects of a report and recommendation to which no objection is made. *Ashraf v. Adventist Health Sys./Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Sec.*, No. 3:18-CV-00010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018) (citing *Thomas*, 474 U.S. at 150).

Absent objection, the R&R (Doc. No. 29) is adopted and approved. The First Motion to Dismiss (Doc. No. 15) is **GRANTED**, and, accordingly, Plaintiff's intentional-infliction-of-emotional-distress claim is dismissed.

Additionally, the Second Motion to Dismiss (Doc. No. 24) is **DENIED**. Further, Lisa Jones and Shannon Geary are dismissed as defendants in this action, and, accordingly, the Clerk is **DIRECTED** to terminate Lisa Jones and Shannon Geary as defendants in this action. Finally, Plaintiff's request to amend his complaint (Doc. No. 9), made in his responses to the First Motion to Dismiss and the Second Motion to Dismiss, is **DENIED**.

Except as indicated herein, Plaintiff's claims remain pending.

IT IS SO ORDERED.

_Eli Richardson_
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE